CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

MAY 19 2008

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TIMOTHY L. CAMPBELL, JR., | ) | |
| Plaintiff, | ) | Civil Action No. 7:08cv00321 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| FRANK DULL, et al., | ) | By: Hon. Glen E. Conrad |
| Defendants. | ) | United States District Judge |

Plaintiff Timothy L. Campbell, Jr. filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Plaintiff, an inmate in the Middle River Regional Jail ("MRRJ") in Staunton, Virginia, alleges that his constitutional rights were violated when Correctional Officer Dull communicated to other inmates the charges pursuant to which plaintiff is incarcerated. Plaintiff seeks $25,000.00 in damages and to have defendants "reprimanded." Upon review of the record, the court concludes that the plaintiff has not stated a claim upon which relief may be granted. Therefore, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915A(b)(1).[1, 2]

---

[1] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

[2] Plaintiff is advised that 42 U.S.C. § 1997e(a) requires exhaustion of all available administrative remedies as a precondition to the filing of a prisoner's civil rights action; thus, a plaintiff who filed his lawsuit before exhausting administrative remedies cannot satisfy the § 1997e(a) requirement, even if he later demonstrates that he filed a grievance and appealed it to the highest extent of the prison's grievance procedure after commencing the lawsuit. See Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999) (holding that an inmate complaint must be dismissed for failure to exhaust even if the inmate demonstrates that he filed a grievance and appealed it to the highest level of the prison's grievance procedure after commencing the lawsuit). A plaintiff must properly and fully exhaust all available administrative remedies before filing a complaint pursuant to 42 U.S.C. § 1983. Woodford v. Ngo, 548 U.S. 81, __, 126 S. Ct. 2378, 2385-86 (2006). It is unclear whether plaintiff has fully exhausted all available administrative remedies to the highest level of appeal; regardless, the court need not determine whether he has properly exhausted all available administrative remedies because it is clear that his complaint fails to state a claim upon which relief may be granted.

Plaintiff states that, on more than one occasion in the past year, Officer Dull has entered his housing unit, or "pod," and has told "other people what [plaintiff's] charges are and what [plaintiff has] done to be jailed." Grievance documentation suggests that plaintiff may have raised the subject, although plaintiff disputes this, and plaintiff maintains that he "felt degraded, embarrased [sic], and defiled," and that Officer Dull raised the subject in an attempt "to provoke" plaintiff.

Plaintiff's complaint must fail. Mere threats and catcalls do not state a claim of constitutional significance. The constitution does not "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). A guard's verbal harassment or idle threats to an inmate, even if they cause an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest. See Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (calling an inmate an obscene name did not violate a constitutional right); Keyes v. City of Albany, 594 F. Supp. 1147 (N.D. N.Y. 1984) ("the use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a 1983 claim"); Lamar v. Steele, 698 F.2d 1286 (5th Cir. 1983) (observing that "[t]hreats alone are not enough" and that "[a] section 1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation"); Collins v. Cundy, 603 F.2d 825, 828 (10th Cir. 1979) (holding that the Sheriff's actions in laughing at and threatening to hang the plaintiff were not sufficient to show the deprivation of a constitutional right). The law is clear that mere "threatening language and gestures of [a] penal officer do not, even if true, constitute constitutional violations." Fisher v. Woodson, 373 F. Supp. 970, 973 (E.D. Va. 1973). Although the disclosure

2

of certain matters may have caused plaintiff some discomfort, no constitutional matter is implicated here.[3]

Moreover, plaintiff does not dispute the truth of any statement Officer Dull made concerning the criminal charges underlying his incarceration, and such charges are a matter of public record. Nonetheless, assuming arguendo that Officer Dull's statements were untrue, and that the complaint raised allegations of defamation, such allegations do not state any constitutional claim so as to be actionable under § 1983. See Paul v. Davis, 424 U.S. 693, 711 (1976) (finding that defamation is not sufficient to state § 1983 claim absent showing that it caused injury to constitutionally protected right). According to the Supreme Court of the United States, a plaintiff must allege something more than defamation by a state official to state a claim under § 1983. Id. A plaintiff's reputation is protected by the state through its tort law; mere alleged damage to one's reputation does not implicate liberty or property interests under the Constitution. Paul, 424 U.S. at 711-12. Thus, as stated, defamation, libel, and slander are tort claims traditionally governed by state law. See, e.g., Lamb v. Rizzo, 391 F.3d 1133, 1138 (10th Cir.2004) ("Libel is governed by state law."); Underwager v. Channel 9 Austl., 69 F.3d 361, 366 (9th Cir.1995) ("[D]efamation is primarily governed by state law. . . ."). Section 1983 provides a vehicle for vindication of rights arising under the constitution or other federal laws, not rights arising under state laws. Weller v. Dept of Social

---

[3] Plaintiff has not alleged conditions that amount to cruel and unusual punishment and, therefore, fails to state a claim under the Eighth Amendment. Plaintiff has not demonstrated that the alleged intentional dissemination of information regarding the criminal charges against him imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Nor has plaintiff alleged facts sufficient to show a serious or significant mental or physical injury or an unreasonable risk of serious damage to his future health as a result of the alleged conduct. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993). In sum, plaintiff has not alleged, nor does the court believe, that other MRRJ inmates' knowledge of the breaking and entering charges against plaintiff places him in that class of inmates who need to be protected from violence by other inmates. Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987); Moore v. Winebrenner, 927 F.2d 1312, 1315 (4th Cir. 1991); Shrader v. White, 761 F.2d 975, 979 (4th Cir. 1985); Farmer v. Brennan, 511 U.S. 825, 838 (1994).

Services for the City of Baltimore, 901 F.2d 387 (4th Cir. 1990). Accordingly, even assuming that plaintiff might have some actionable claim against the defendant under state tort law, his allegations are not actionable under §1983.

Accordingly, plaintiff's claims will be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.[4,5]

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 19th day of May, 2008.

/s/ Jackson Conrad
United States District Judge

---

[4] To the extent plaintiff believes he has an actionable claim against the defendants under state law, the court declines to exercise supplemental jurisdiction over such claims, pursuant to 28 U.S.C. § 1367(c)(3), which provides that "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."

[5] Federal law provides that a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee if the prisoner has brought, on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. See 28 U.S.C. §1915(g). Plaintiff is hereby advised that this dismissal constitutes a "strike" under §1915(g).

Plaintiff is further advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

4